*186 The judgment of the court was pronounced by
Preston, J.
The defendants were convicted of a violation of the act to prevent gambling, and have appealed from the judgment rendered thereon. The grounds on which they rely for a reversal of the sentence are, 1st. That the district court permitted the attorney general to introduce evidence showing that the defendants had been engaged in gaming and playing, at other times previous to the day charged in the information. 2d. That the sentence to be passed upon conviction, depends upon two statutes, one approved in 1835, and the other in 1836 ; whereas the prosecution is based upon one statute, and concludes against the form of the statute.
We think the first ground upon which a reversal of the sentence is claimed, is untenable. Wharton, in his Treatise on Criminal Law, lays down the true rule, as to the proof of the time at which an offence was committed to support a iDrosecution. “ The time of the commission,, laid in an indictment, is not material, and does not confine the proofs within the limits of that period. The indictment will be satisfied by proof of the offence on any day anterior to the finding.” So that the evidence was proper, even if the offence consisted in an isolated act.
But, the defendants were accused of keeping a banking or gaming house. The keeping a banking or gaming house a single day, might constitute the offence ; but, in common acceptation, the keeping a house implies that it has been kept more than a day. It was, moreover, proper for the attorney general under the information- to show that the house was a banking and gaming house. Proof that banking and gaming had been carried on in the house, previous to the time the offence- charged- in the' information was committed, gave the house that character; and proof that the accused had banked and gamed there, before the act and time charged in the information, tended to show the guilty knowledge and intention, which, with the act, constituted the offence charged. See Archbold’s Criminal Pleadings and Evidence, p. 105.
As regards the second ground, the prosecution was for a violation of the act of 1835 alone, which declares the offence, and the penalty incurred by its commission. A subsequent statute passed in 1836, p. 158, directs, “ that the fines specified in the second and third sections of the act to which this is an amendment, shall, when collected, be paid one-half to the informer, and the other half to the use of the charity hospital of New Orleans.” This last act merely gives a destination to the fines when collected, and in no manner changes or affects the offence, as declared in the act of 1835. There is but one statute which prohibits the offence. The information, therefore, very properly concluded against the form of the statute.
The judgment of the First District Court is therefore affirmed, with costs.